**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**MATTHEW AND STEPHANIE WALKER,** on behalf of herself and all others similarly situated

**Plaintiff**

Case No.
Hon.
Magistrate Judge:
**PROPOSED CLASS ACTION**

v.

**FABRIZIO & BROOK, P.C.**

**Defendant**.

---

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, MATTHEW AND STEPHANIE WALKER (Hereinafter termed "Plaintiff" or "Walker"), on behalf of themselves and all others similarly situated by this Complaint against Defendant FABRIZIO & BROOK, P.C. (Hereinafter term "Defendant" or "Fabrizio") and state:

## I. PRELIMINARY STATEMENT REGARDING THIS CASE

1. The Plaintiff alleges that Defendant FABRIZIO collection practices violate the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq*. ("FDCPA") and The Regulation of Collection Practices Act (RPCA), codified in computer generated communications from a law firm that lack meaningful involvement by an Attorney that:

   i. make false, deceptive, and misleading representations that Defendant is allowed and permitted by law to collect a discharged mortgage debt in default under 15 U.S.C. §§ 1692e, 15 U.S.C. §§ 1692e (2)(A) and 15 U.S.C.

§§ 1692e (11) at **Exhibit 2 (showing debt discharged)**; and

ii. fail to state the amount of the consumer's debt and detail and explain the amount to be collected by under the FDCPA in an initial collection letter on the date of the letter under *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.,* 214 F.3d 872, 875 (7th Cir.2000). (**Exhibit 1**); and

iii. fail to identify the amount owed by the debtor on the day the Validation and Dispute Notice is sent and Defendant's letter is sent to Plaintiff as a computer-generated, mass-produced, letter -- in the form of the FABRIZIO Letter at **Exhibit 1** – without any meaningful attorney review or involvement prior to the mailing or posting of those letters or notices in violation of 15 U.S.C. §§ 1692e (3) and 15 U.S.C. §§ 1692e (10).

2. The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy.

3. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) - (e).

4. The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Sixth Circuit has held that whether a debt collector's conduct

violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 329 (6th Cir. 2006). This standard ensures "that the FDCPA protects all consumers, the gullible as well as the shrewd." *Kistner v. Law Offices of Michael P. Margelefsky, LLC.*, 518 F.3d 433, 438 (6th Cir. 2008).

5. In applying the "least sophisticated consumer" standard, the Sixth Circuit has adopted the "more than one reasonable interpretation standard." *Kistner*, 518 F.3d at 441. Under that approach, a collection letter can be "deceptive" if it is open to "more than one reasonable interpretation, at least one of which is inaccurate." Id. (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993)). "[T]he 'more than one reasonable interpretation' standard is applicable to the entirety of § 1692e as a useful tool in analyzing the least sophisticated consumer test." Id.

6. The FDCPA applies to lawyers regularly engaged in consumer debt-collection litigation. *Heintz v. Jenkins*, 514 U.S. 291 (1995); *Schroyer v. Frankel*, 197 F.3d 1170, 1173-74 (6th Cir. 1999); *See also Kistner*, 518 F.3d 433 (the law firm's owner may also be individually liable).

7. FABRIZIO is engaged in the business of using the mails and telephone to collect consumer debts originally owed to others, including residential mortgage debts on behalf of mortgage servicers and banks. See *Glazer v. Chase Home Finance LLC,* 704 F. 3d 453. FABRIZIO becomes involved with these mortgage debts after they considered delinquent or in default.

8. To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection letters and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e (1)-(16). Among these *per se* violations prohibited by that section are: false representations concerning the character, amount, or legal status of any debt, 15 U.S.C. §1692e(2)(A); and the use of any false representation or

deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, 15 U.S.C. § 1692e (10).

9. To prohibit unconscionable and unfair practices, the FDCPA at 15 U.S.C. § 1692f, outlaws the use of unfair or unconscionable means to collect or attempt to collect any debt and names a non-exhaustive list of certain *per se* violations of unconscionable and unfair collection conduct. 15 U.S.C. §§ 1692f (1)-(8). Included among the *per se* violations prohibited in this section are the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly permitted by law, 15 U.S.C. § 1692f (1).

10. The RCPA, like the FDCPA, prohibits debt collectors from using deceptive, coercive, threatening, abusive, and other repugnant practices for the purpose of collecting a consumer debt. "The RPCA mirrors the requirements and remedies of the FDCPA with the same 6th Circuit use of the "least sophisticated consumer" standard of *Kistner*, 518 F.3d at 441. *McKeown v. Mary Jane M. Elliott P.C.*, No. 07–12016–BC, 2007 WL 4326825, at *5 (E.D.Mich. Dec. 10, 2007) (citing *Hubbard v. Nat'l Bond and Collection Assocs., Inc.*, 126 B.R. 422, 426 (D.Del.1991)).

11. 15 U.S.C. § 1692g provides:

**§ 1692g. Validation of debts**

(a) Notice of debt; contents. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--

**(1) the amount of the debt**;
**(2) the name of the creditor to whom the debt is owed**;
**(3)** a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
**(4)** a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector

will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

**(5)** a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

12. Under 15 U.S.C. § 1692e, "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. "A debt collector violates § 1692e, put simply, if the collection practice that he uses has the tendency to confuse the least sophisticated consumer." *Gillie v. Law Office of Eric A. Jones, LLC*, 785 F.3d 1091, 1106 (6th Cir. 2015) (citing *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 329 (6th Cir. 2006)), rev'd on other grounds sub nom. *Sheriff v. Gillie*, 136 S. Ct. 1594 (2016).

13. The alleged debt being collected by FABRIZIO is a "debt" as defined by 15 U.S.C. §1692a (5).

14. The alleged mortgage debt is a "consumer debt" as defined by the RCPA under MCL 445.251(a).

15. Plaintiff is, at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a (3).

16. Plaintiff is, at all times relevant to this complaint, a "consumer" as that term is defined by the RCPA under MCL 445.251(d).

17. FABRIZIO is a mortgage foreclosure law firm staffed with attorneys and non-attorneys who collect, and attempt to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet. See *Glazer v. Chase Home Finance LLC*, 704 F. 3d 453.

18. FABRIZIO is, at all times relevant to this complaint, engaged in the act and/or practice of "debt collection" as that term is defined by the RCPA.

19. As a mortgage foreclosure law firm, Defendant FABRIZIO is, at all times relevant to this complaint, a "regulated person" as that term is defined by the RCPA under MCL 445.251(g).

20. FABRIZIO is, at all times relevant to this complaint, a "debt collector" as defined by 15 U.S.C. § 1692a (6).

**II. PARTIES**

21. Plaintiff is a natural person.

22. At all times relevant to this complaint, Plaintiff resided in the City of Hudsonville, County of Ottawa, State of Michigan.

23. Located in the City of Troy, Oakland County and State of Michigan, FABRIZIO is a mortgage foreclosure law firm engaged in the business of using the mails and telephone to collect consumer debts originally owed to others, including residential mortgage debts. Mortgage foreclosure is debt collection under the FDCPA See *Glazer v. Chase Home Finance LLC*, 704 F. 3d 453.

24. Defendant FABRIZIO is a regulated person under the RCPA regardless of whether the firm's collection activities were carried out "in its own name" or on behalf of its clients. *Ward v. G. Reynolds Sims & Assoc.*, No. 12-12078, 2013 WL 364012 (E.D. Mich. Jan. 30, 2013); *Newman v. Trott & Trott, P.C.*, 889 F. Supp. 2d 948 (E.D. Mich. 2012); *Baker v. Residential Funding Co., LLC*, 886 F. Supp. 2d 591 (E.D. Mich. 2012); *Misleh v. Timothy E. Baxter & Associates*, 786 F. Supp. 2d 1330 (E.D. Mich. 2011); *McKeown v. Mary Jane M. Elliott P.C.*, No. 07-12016, 2007 WL 4326825 (E.D. Mich. Dec. 10, 2007).

**III. JURISDICTION & VENUE**

25. Jurisdiction arises under 15 U.S.C. § 1692k (d) and 28 U.S.C. §§ 1331, 1337.

26. Supplemental jurisdiction for Plaintiff's state law claims arise under 28 U.S.C. § 1367. *Baltierra v. Orlans Associates PC*, No. 15-cv-10008 (E.D. Mich. Oct. 7, 2015).

27. The factual basis of the RCPA claim is the same as the factual basis of the FDCPA claim and this district court has "supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. 28 U.S.C. § 1367(a).

28. Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred within this federal judicial district, and because each of the Defendants are subject to personal jurisdiction in the State of Michigan at the time this action is commenced.

## IV. FACTS CONCERNING PLAINTIFF

29. Sometime prior to March 14, 2017, Plaintiff allegedly incurred a financial obligation on a mortgage debt that FABRIZIO is threatening to foreclose upon.

30. The mortgage debt that FABRIZIO is threatening to foreclose upon was discharged in bankruptcy in 2008. **Please see Exhibit 2**.

31. The mortgage debt arose out of a transaction in which the money, property, insurance, or services are the subject of the transaction that are primarily for personal, family, or household purposes.

32. FABRIZIO' primary business is a law firm that represents banks and servicers in foreclosing on Michigan homeowners like Plaintiff.

33. As part of the FABRIZIO' foreclosure process, FABRIZIO sends Michigan homeowners a computer-generated dunning or collection letter announcing their intent to foreclose and collect

the mortgage debt while also providing some options to reinstate the Mortgage Loan. **Please see Exhibit 1 as an example of the letter sent to Michigan homeowners**.

34. Here, Defendant sent Plaintiff a letter on March 14, 2014 that stated, "the Amount needed to reinstate account good through 03/01/2017: $37,222.78 (**Exhibit 1**). The amount at that time is 14 days late and the Plaintiff is told by FABRIZIO that they are collecting the debt but the amount to reinstate must be sent to The Note Authority, LLC.

35. Plaintiff does not know who The Note Authority, LLC is and Defendant FABRIZIO does not state who they are either as required by 15 U.S.C. § 1692g(a)(2).

36. The debt being collected by FABRIZIO was discharged in the Plaintiff's bankruptcy in 2008 when the debt was held and serviced by Ocwen Loan Servicing, LLC. **Please see Exhibit 2**.

37. Further, the Plaintiff is being told she owes $33,222.78 on March 1, 2017 even though on February 15, 2017 she received a letter from Allied Servicing Corporation that the mortgage loan would be serviced by a new servicer, FCI Lender Services, Inc. on March 4, 2017 and that as of January 26, 2017, she owed $34,265.17. **Please see Exhibit 4**.

38. Further, Ms. Walker did not receive any notification of FCI Lender Services, Inc. saying they were the new "Servicer" of the debt within 15 days of the effective date of transfer on March 4, 2017 as stated by Allied in its letter to Plaintiff on February 15, 2017. **Please see Exhibit 4**.

39. Now, the FABRIZIO letter is saying that on March 1, 2017, Plaintiff owes $37,222.78 (**Exhibit 1**) to someone she never heard of by the name of The Note Authority, LLC. There is also no explanation in the letter at **Exhibit 1** from any attorney as to why she owes $2,957.61 more on March 1, 2017 than she was told she owed as of January 26, 2017, on a discharged debt.

40. The letter at **Exhibit 1** states that:

> Unless you dispute the validity of the debt or any portion thereof within thirty days after receipt of this notice, this office will assume the debt is valid. If you dispute the validity of the debt in writing within the thirty-day period, we will obtain verification of the debt and will mail such verification to you.
>
> In addition, if the original creditor is different from the above-named creditor, the name and address of the original creditor will be provided to you if you request this information in writing from the undersigned within thirty (30) days from your receipt of this notice.
>
> Unless all delinquent payments on your account are received within thirty days (30), we may be compelled to initiate foreclosure proceedings for collection of this debt including recovery of attorney fees and court costs.
>
> Please send reinstatement funds directly to The Note Authority.
>
> Please contact The Note Authority LLC at 888-696-8585 to discuss options to avoid foreclosure.

41. As the note was discharged in bankruptcy in 2008, Plaintiff is not required to pay the reinstatement amount to anyone within 30 days of March 14, 2017 to stop the foreclosure that Defendant is threatening when it states in the letter, "Unless all delinquent payments on your account are received with thirty days (30), we may be compelled to initiate foreclosure proceedings for the collection of the debt including recovery of attorney fees and court costs." **Please see Exhibit 1**.

42. Plaintiff is now facing having to pay a debt she does not owed on a mortgage note that was discharge in bankruptcy and is left with feelings and fears she thought the bankruptcy had eliminated back in 2008.

43. Defendant FABRIZIO sent an initial communication letter at **Exhibit 1** as a debt collector as defined by 15 U.S.C. § 1692a (6). The Letter at **Exhibit 1** was sent to Plaintiff in connection with the collection of a "debt" as defined by 15 U.S.C. § 1692a (5).

44. The Letter at **Exhibit 1** is a "communication" as defined by 15 U.S.C. § 1692a (2).

45. As Plaintiff understood the Letter at **Exhibit 1**, upon receiving it, as would the least sophisticated consumer, the debt collection process has entered into a phase where FABRIZIO

will begin to use legal procedures established by foreclosure law and known to FABRIZIO' attorneys to collect the mortgage debt under *Glazer v. Chase Home Finance LLC*, 704 F. 3d 453.

46. The letter refers to the responsibility of Plaintiff to make a reinstatement payment including the court costs and fees when the debt has been discharged and there would be no court costs.

47. The language in **Exhibit 1** is part of a computer generated, mass produced letter sent to homeowners facing foreclosure by FABRIZIO and unsigned and with a threat by an attorney law firm without any meaningful involvement by any attorney in violation of 15 U.S.C. §§ 1692e (3) and 15 U.S.C. §§ 1692e (10).

48. There is no attorney involvement in the letter or file of the Plaintiff as the reinstatement amount violates 15 U.S.C. §§ 1692g(a)(1) with the wrong amount of the debt, there are threats to foreclose on a debt that has been discharged and mixed messages where to send any payment.

49. The Defendant intended that **Exhibit 1** imply a heightened severity over the communications from the debt collector law firm and that the least sophisticated consumer react with a commensurate level of alarm and concern especially in that the communication is based on losing the home by way of a notice from a law firm that has been retained by The Note Authority, LLC.

50. After receiving the FABRIZIO Letter, the Plaintiffs reasonably inferred – as would a "least sophisticated consumer" – that the bank (in this case The Note Authority, LLC.) was proceeding aggressively as it has incurred the expense to hire a law firm, whose attorneys ***should be*** personally involved with the review and collection of their alleged account and charged fees and costs to be paid before a Plaintiff can reinstate their Mortgage Loan.

51. "Abuses by attorney debt collectors are more egregious than those of lay collectors because a consumer reacts with far more duress to an attorney's improper threat of legal action

than to a debt collection agency committing the same practice." *Crossley v. Lieberman*, 868 F.2d 566, 570 (3d Cir. 1989). "A debt collection letter on an attorney's letterhead conveys authority and credibility." *Crossley v. Lieberman*, 868 F.2d 566, 570 (3d Cir. 1989).

52. Plaintiff sent Defendant a demand for Validation and Verification of the debt amount on March 21, 2017. As of this date, FABRIZIO has refused to send a response and the Walkers fear that FABRIZIO is going to proceed with foreclosure. **Please see Exhibit 3**.

53. The Defendant FABRIZIO provides incomplete information regarding the amount of the debt without any explanation of the true character and details about the amount of debt to Plaintiff in **Exhibit 1**.

54. In *Fields v. Wilber Law Firm, P.C.*, 383 F.3d 562 (7th Cir. 2004), the Seventh Circuit held that "[i]t is unfair to consumers under the FDCPA to hide the true character of the debt, thereby impairing their ability to knowledgeably assess the validity of the debt." Id. at 566. One way to comply with the FDCPA, the court of appeals suggested, would be to itemize the various charges that comprise the total amount of the debt. Id. at 566; see also *Dougherty v. Wells Fargo Home Loans, Inc.*, 425 F. Supp. 2d 599, 607 (E.D. Pa. 2006).

55. If the debt collector is attempting to collect the past due portion of an unaccelerated debt, the "amount of the debt" is the past due portion, not the whole debt. *Barnes v. Advanced Call Ctr. Techs., LLC*, 493 F.3d 838 (7th Cir. 2007); *Castro v. Green Tree Servicing*, 10cv7211, 2013 WL 4105196 (S.D.N.Y., Aug. 14, 2013); *Adlam v. FMS, Inc.*, 09 Civ. 9129, 2010,WL 1328958 (S.D.N.Y., April 5, 2010).

56. The FDCPA, 15 U.S.C. §1692g(a)(1) requires disclosure of the "amount of the debt that is owed." What is missing from that language is any mention of court costs, attorney's fees, or other penalties which may be imposed by statute. That is because the "amount of the debt"

provision is designed to inform the debtor (who, remember, has a low level of sophistication) of what the obligation is, not what the final, worst-case scenario could be. *Veach v. Sheeks*, 316 F. 3d 690 - Court of Appeals, 7th Circuit 2003.

57. The unpaid principal balance is not the debt; it is only a part of the debt; the Act requires statement of the debt. The requirement is not satisfied *by listing a phone number*. What they certainly could do was to state the total amount due—interest and other charges as well as principal—on the date the dunning letter was sent. We think the statute required this." *See Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.*, 214 F.3d 872, 875, 876 (7th Cir.2000).

58. The ***Miller*** court held that the notice violated Section 1692g(a)(1), which, as noted, requires debt collectors to state "the amount of the debt." The court reasoned that the unpaid principal balance was not the "debt" and that the statute requires that debt collectors state "the total amount due—interest and other charges as well as principal—on the date the [collection notice] was sent." *Id.* at 875-76. *Avila v. RIEXINGER & ASSOCIATES, LLC*, 817 F. 3d 72 - Court of Appeals, 2nd Circuit 2016.

59. The facts here are similar to *Hecht v. Green Tree Servicing, LLC*, No. 12-CV-498, 2013 WL 164514 (D. Conn., Jan. 15, 2013), in which the court there held that a debt collector violated § 1692g by sending a March 22, 2012 letter with the inclusion of the amount of debt as of January 20, 2012.

60. Similarly as here, the debt collection letter in *Hecht* violated § 1692g because the court concluded that the language in the validation notice “would be unlikely to give a consumer certainty” as to the amount necessary to satisfy her debt. “Because a letter from Green Tree did not accurately identify the amount of debt owed the Court found a violation of § 1692g.” *Castro*

*v. Green Tree Servicing LLC*, No. 10-CV-7211, 2013 WL 4105196, at *5 (S.D.N.Y. Aug. 14, 2013).

61. Congress' intent in enacting § 1692g was to provide an alleged debtor with proper notice of the amount of the debt and the creditor who is pursuing the debtor to allow consumers to respond to the initial communication of a collection agency. The Letter at **Exhibit 1** is crafted to avoid providing the amount of debt owed to the debt collector under the FDCPA and ***Miller*** to reinstate, does not specify the extra fees and court costs the consumer must contact FABRIZIO about through a phone number and lists the wrong balance owed to avoid foreclosure.

62. Further, the Defendants' written communications in the form attached as **Exhibit 1** are false, deceptive, and misleading in that these communications were neither drafted by, nor received any meaningful review or involvement from, a licensed attorney prior to the mailing of said letters in violation of 15 U.S.C. §§1692e and 1692e (3).

63. The FDCPA's bona fide error defense at 15 U.S.C. § 1692k(c) does not apply to a violation of the FDCPA resulting from a debt collectors' incorrect interpretation of a legal requirement of the FDCPA. *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 130 S.Ct. 1605, 1611-12 (2010).

## V. FIRST CAUSE OF ACTION
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

64. Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

65. Defendant violated the FDCPA. Defendant's violation, with respect to its written communications in the computerized format attached as **Exhibit 1** includes, but are not limited to, the following:

a. Using false, deceptive, and misleading representations or means in connection with the

collection of any debt in violation of 15 U.S.C. § 1692e;

b. Making false, deceptive, and misleading representations concerning the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A) with **Exhibit 1** and **Exhibit 2**;

c. Making false, deceptive, and misleading representations concerning any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt in violation of 15 U.S.C. §1692e(2)(B)

d. Using false representations and/or deceptive means of a meaningful involvement of an attorney to collect or attempt to collect any debt or to obtain information concerning a consumer using an unsigned letter with a lawyer letterhead at **Exhibit 1** in violation of 15 U.S.C. § 1692e (3) and 15 U.S.C. § 1692e (10);

e. Using an unfair or unconscionable means to collect or attempt to collect any debt that is discharged in bankruptcy (**Exhibit 2**) in violation of 15 U.S.C. § 1692f;

f. Collecting amounts that are incidental to the principal obligation, which amounts are not expressly authorized by the agreement creating the debt or permitted by law in violation of 15 U.S.C. §§ 1692e, 1692e(2), 1692f, and 1692f(1);

g. Failing to correctly state the amount of the debt owed in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), and 1692g(a)(1); and

h. Creating a letter from a law firm to collect a debt without any meaningful involvement in a letter from an attorney as evidenced by the fact that **Exhibit 1** would have the right amounts sought in the Notice of Debt and a Reinstatement amount to be collected on the same day the letter is sent and detail why a debt amount represented as the Unpaid Balance has no detailed explanation. in violation of 15 U.S.C. § 1692e (3), 1692e(2)(A), and 1692g(a)(1).

i. Failing to identify the name of the creditor in the initial communication letter at **Exhibit 1**

under and in violation of 15 U.S.C. § 1692g(a) (2.

## VI. SECOND CAUSE OF ACTION

### Count 2-Regulation of Collection Practices Act

66. Defendant has violated the RPCA. Defendant's violations of the RPCA include, but are not necessarily limited to, the following:

a. Defendant violated MCLA 445.252(e) by making an inaccurate, misleading, untrue or deceptive statement or claim in a communication to collect a debt as mentioned above regarding **Exhibit 1 and 2**; and

b. Defendant violated MCLA 445.252(f) by misrepresenting in a communication with a debtor any of the following:

(ii) The legal rights of the creditor or debtor using **Exhibit 1** as mentioned above.

(iii) That the nonpayment of a debt will result in the sale of the debtor's property.

c. Defendant has violated MCLA 445.252(q) by failing to implement a procedure designed to prevent a violation by an employee or foreclosure process; and

d. Defendant has violated MCLA 445.252(a) by communicating with a debtor in a misleading or deceptive manner.

67. Because of the illegal collection activities of Defendant FABRIZIO, Plaintiff has suffered emotion distress, fear of losing her house and the resurrection of the emotional trauma the Walkers went through prior to the bankruptcy that discharged the debt being collected in **Exhibit 1** back in 2008.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court grants the following relief against the Defendant FABRIZIO in this case:

1. For compensatory damages under the FDCPA and RCPA;
2. For statutory and emotional damages under the FDCPA and RCPA;
3. For attorney's fees and costs incurred in this action under the FDCPA and RCPA;
4. For Triple Damages under the RCPA, and
5. For such other and further relief as the Court may deem just and proper.

## IX. JURY DEMAND

Plaintiff hereby demands that this case be tried before a Jury.

Respectfully submitted this 3rd Day of April, 2017.

*s/ Brian P. Parker*

Brian P. Parker, Esq. (P48617)
LAW OFFICES OF BRIAN PARKER, P.C.
2000 Town Center, #1900
Southfield, MI 48075
Telephone: (248) 342-6268
Facsimile: (248) 659-1733
E-Mail: brianparker@collectionstopper.com

*Attorneys for Plaintiff Matthew and Stephanie Walker*