UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW WALKER, et al

    Plaintiffs,

v.

FABRIZIO & BROOK, P.C., et al,

    Defendants.

_____/

Case No. 17-11034

Honorable Victoria A. Roberts

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS [Doc. 18]

Matthew and Stephanie Walker ("the Walkers") filed an amended complaint ("Amended Complaint") against the law firm of Fabrizio & Brook, P.C. ("Fabrizio") and Detroit Legal News Publishing, LLC ("Detroit Legal News"). The Walkers allege efforts to collect their mortgage debt by Fabrizio, and a notice of foreclosure sale posted and published by Fabrizio and Detroit Legal News, violated their rights under the Fair Debt Collection Practices Act ("FDCPA") and Michigan's Regulation of Collection Practices Act ("RCPA").

Fabrizio filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(c). That motion is DENIED.

I.    Background

The Walkers purchased a home and executed a mortgage that was assigned to The Note Authority, LLC ("The Note Authority"). The Walkers defaulted on their mortgage payments, and The Note Authority hired Fabrizio to foreclose on the Walkers' mortgage. As part of the foreclosure process, Fabrizio sent the Walkers a letter on

1

March 14, 2017 stating that Fabrizio represented The Note Authority in the collection of the delinquent mortgage payments. The letter stated that the Walkers needed to pay $37,222.78 directly to The Note Authority to reinstate their account through March 1, 2017. The letter was written on Fabrizio's letterhead and stated on the bottom in bold letters that Fabrizio: IS THE CREDITOR'S ATTORNEY AND IS ATTEMPTING TO COLLECT A DEBT ON ITS BEHALF. The letter was signed: Diane L. Derenge, Real Estate Default Team, Fabrizio & Brook, P.C.

On March 21, 2017, the Walkers sent a letter to Fabrizio asking it to verify why they owed $37,222.78. In response, Fabrizio sent a letter on April 13, 2017, signed again by Diane L. Derenge, and stating that the Walkers owed $52,000 on the original mortgage from January 12, 2014. The letter also included a copy of the assignment, payment history, and reinstatement and payoff figures. The Walkers allege that their debt was discharged in bankruptcy in 2008, and that the assignment enclosed in Fabrizio's April 13 letter showed a false explanation of how The Note Authority obtained the debt. Amended Complaint, Par. 60, 83, 84. They also allege that Fabrizio's April 13 letter failed to say anything about why they owed $37,222.78, as required by 15 U.S.C. § 1692g(a)(4). Amended Complaint, Par. 58, 87.

On April 26, 2017, Fabrizio sent the Walkers another letter signed by Diane L. Derenge. It stated that their mortgage is being foreclosed and a foreclosure sale is scheduled for June 1, 2017. The letter was written on Fabrizio's letterhead and stated on the bottom in bold letters that Fabrizio: IS THE CREDITOR'S ATTORNEY AND IS ATTEMPTING TO COLLECT A DEBT ON ITS BEHALF.

On May 4, 2017, Fabrizio posted a public notice of an impending sheriff sale of the property for June 1, 2017 in the Detroit Legal News. The public notice stated that the debt and the Walkers were being pursued by debt collectors, that the mortgage debt is in default, and the amount owed was $56,825.94. The notice was also posted on the Walkers' door. The Walkers allege that the information in the foreclosure notice went beyond the requirements of the Michigan Foreclosure Statute, in violation of the FDCPA and the RCPA. Amended Complaint, Par. 67, 78, 80. They allege harassment and abuse (15 U.S.C. § 1692d), unlawful communication to third parties and the world (15 U.S.C. § 1692c(b)), false representation or implication (15 U.S.C. § 1692e(6)), and publication of their mortgage debt to the world and the State of Michigan (15 U.S.C. § 1692d(4)). Amended Complaint, Par. 125b-e.

The Walkers understood the letters as coming from a law firm. They allege that Fabrizio's letters were misleading and caused much confusion, as they were computer generated, mass produced, and sent on Fabrizio letterhead but signed by a non-attorney. The legal confusion the letters caused, clearly written without any meaningful attorney involvement, the Walkers say, violates the FDCPA, 15 U.S.C. §§ 1692e(3), (10). Amended Complaint, Par. 71-74, 89, 125a, g. Additionally, the Walkers allege that by allowing a non-attorney to sign and send out letters on law firm letterhead, threatening to foreclose on behalf of a creditor bank, Fabrizio violated the RCPA, Mich. Comp. Laws § 445.252(a). Amended Complaint, Par. 82, 124. As a result, the Walkers say they suffered statutory and actual damages under the FDCPA and the RCPA, and the publication of their debt information violated their right to privacy. Amended Complaint, Par. 93, 94.

In their motion to dismiss, Fabrizio claims: 1) the Walkers lack Article III standing to bring suit; 2) the FDCPA does not preempt the Michigan Foreclosure Statute; 3) the Walkers consented to the publication of the foreclosure notice; 4) the notice was not a communication made in connection with the collection of a debt; and 5) the letters that were plainly from a non-attorney were not misleading. Fabrizio also filed a Notice of Supplemental Authority in support of its motion to dismiss [Doc. # 20], asking the Court to consider *Wood v. Midland Funding, LLC*, 2017 U.S. App. LEXIS 11469 * (6th Cir. Jun. 22, 2017) in deciding the motion.

II. Legal Standard

    A. Motion to Dismiss

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) tests the legal sufficiency of a plaintiff's complaint. The Court reviews such a motion under the same standard as a motion to dismiss under Rule 12(b)(6). *Sensations, Inc. v. City of Grand Rapids*, 526 F.3d, 291, 295-96 (6th Cir. 2008). As such, it must accept as true all well-pled material allegations in the complaint and "determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The Court may grant a motion for judgment on the pleadings only where the movants clearly establish that no material issue of fact remains unresolved and that they are entitled to judgment as a matter of law. *Poplar Creek Dev. Co. v. Chesapeake Appalachia, LLC*, 636 F.3d 235, 240 (6th Cir. 2011); *Drew v. Kemp-Brooks*, 802 F. Supp. 2d 889, 892 (E.D. Mich. 2011).

To withstand a Rule 12(c) motion, "a complaint must contain direct or inferential allegations respecting all the material elements under some viable legal theory."

*Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007).

   III.   Analysis

      A. Standing

Fabrizio argues the Court lacks subject matter jurisdiction over this suit because the Walkers lack standing. Specifically, Fabrizio argues that the Walkers have not alleged that they suffered a concrete injury.

"Whether a party has standing is an issue of the court's subject matter jurisdiction." *Lyshe v. Levy,* 854 F.3d 855, 857 (6th Cir. 2017). To establish standing to bring suit in federal court, a plaintiff must show it "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 1548 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). An injury is concrete when it is *de facto*, or actually exists; an injury is particularized if it affects the plaintiff in a personal and individual way. *Id.* A concrete injury does not have to be a tangible one, as courts have recognized that intangible injuries can be concrete. *Id.* at 1549. Further "the law has long permitted recovery by certain tort victims even if their harms may be difficult to prove or measure." *Id.* at 1549.

5

*Lyshe v. Levy*, the case Fabrizio primarily relies on for its standing argument, is distinguishable. In *Lyshe*, the plaintiff brought a claim under FDCPA, alleging that the defendant law firm violated state discovery procedural rules. *Lyshe*, 854 F.3d at 857. The plaintiff's alleged harm was that he would have to visit a notary and contact defendants to obtain electronic copies of the discovery, due to defendant's violation of state law. *Id.* at 859. The Sixth Circuit ruled that under *Spokeo*, the plaintiff did not allege a concrete harm because "the mere prospect of a slightly less convenient discovery process, is not the type of abusive debt collection practice the FDCPA was designed to prevent." *Id.* at 861-62.

The Walkers do allege concrete harms that the FDCPA is designed to prevent. The FDCPA prohibits "[t]he false representation or implication that any individual is an attorney or that any communication is from an attorney." 15 U.S.C. § 1692e(3). The Walkers allege that because Fabrizio's validation and foreclosure letters came on law firm letterhead, but were signed by a non-attorney, they caused confusion and were misleading. Further, the FDCPA prohibits a debt collector from communicating, "in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector." 15 U.S.C. § 1692c(b). The FDCPA's ban on communicating with third parties "is meant to protect debtors from harassment, embarrassment, loss of job, [and] denial of promotion." *Brown v. Van Ru Credit Corp.*, 804 F.3d 740, 743 (6th Cir. 2015). The Walkers allege that Fabrizio's publication of their private information caused them mental distress, embarrassment, and damage to their reputation in the community. This is concrete harm.

Fabrizio also argues that at most, the Walkers allege a technical violation of § 1692c(b) without any associated concrete harm, which is insufficient to confer standing. However, the Walkers' allegations go beyond the procedural violations alleged in *Lyshe*. They not only allege that Fabrizio published their private information in the foreclosure notices, but that such publication caused them distress, embarrassment and reputational damage. This alleged invasion of privacy is an "invasion of a legally protected interest that is concrete and particularized … ." *Spokeo*, 136 S. Ct. at 1548 (internal citations and quotations omitted).

The Walkers allege an injury in fact sufficient to establish standing to sue.

### B. Preemption

Fabrizio argues that the Walkers' claims under the FDCPA should be dismissed because Congress did not intend the reach of the FDCPA to preempt Michigan's foreclosure by advertisement statute, or render material compliance with that statute unlawful. Fabrizio says that Section 1692n states only that "the laws of any state with respect to debt collection practices" are preempted to the extent the FDCPA affords more protection than state law, but contends that there is no indication that Congress intended Section 1692n to vitiate state law allowing non-judicial foreclosures, or that non-judicial foreclosures are intended to fall under the broad heading of "debt collection."

The Walkers disagree. They say that judicial foreclosure public notices and Fabrizio's notice specifically stating their private debt information, is a "communication"

under Section 1692a(2): the conveying of information regarding a debt directly or indirectly to any person through any medium.

There is ample law to support the Walkers' position that the information contained in Fabrizio's public notice – which included extraneous information – could amount to an abusive debt collection practice in violation of federal law.

Furthermore, the Sixth Circuit held in *Glazer v. Chase Homes Fin. LLC*, 704 F.3d 453, 461 (6th Cir. 2013) that "mortgage foreclosure is debt collection under the FDCPA." Therefore, "[l]awyers who meet the general definition of a 'debt collector' must comply with the FDCPA when engaged in mortgage foreclosure." *Id.* at 464.

Compliance with Michigan's statutes does not immunize Fabrizio from FDCPA liability. *See Salewske v. Trott & Trott P.C.*, 2017 U.S. Dist. LEXIS 104681, *11, 21 (E.D. Mich. July 7, 2017) (denying defendant law firm's motion to dismiss for failure to state a claim under the FDCPA when defendant published foreclosure sale notices in compliance with state law.)

The Walkers allege sufficient facts, that when accepted as true, entitle them to relief under the FDCPA.

### C. Consent

The Walkers allege that Fabrizio published their private debt information, even though Michigan law does not require the publication of such information, and they say the publication was not in accordance with applicable law.

The FDCPA provides that unless the consumer gives prior consent directly to the debt collector, a debt collector may not communicate to third parties in connection with the collection of a debt. 15 U.S.C. § 1692c(b). Fabrizio contends that because the notice of foreclosure sale complies with Michigan law, and because the Walkers gave prior consent to the publication of the notice, there is no violation of Section 1692c(b).

The Walkers do not contest that their mortgage agreement states that the Lender shall publish and post notice of a foreclosure sale. However, they point out that according to the mortgage agreement, the publication of such notice must follow applicable law.

Construing the allegations in a light most favorable to them, the Walkers only agreed to publication of a notice of foreclosure sale in accordance with applicable law, including Michigan. *See Thebert v. Potestivo & Assocs., P.C.*, 2017 U.S. Dist. LEXIS 132503, *18 (E.D. Mich. Aug. 18, 2017) ("[E]ven if [plaintiff] had directly given [defendant] consent to foreclose by advertisement, the Foreclosure Notice arguably includes some information not required by Michigan's foreclosure-by-advertisement statute, … so it is not clear that [plaintiff] consented to the communication of that information.").

Fabrizio's argument that the Walkers fail to allege an FDCPA violation fails.

D. Communication in Connection with a Debt

Fabrizio argues that the publication of the notice of foreclosure sale was not a communication made in connection with the collection of a debt. It further argues that the purpose of the publication was to satisfy the statutory requirements of Michigan's

9

foreclosure by advertisement law, not to induce the Walkers to make payments on the defaulted mortgage.

The FDCPA does not apply to every communication between a debt collector and a debtor. *Grden v. Leikin Ingber & Winters PC*, 643 F.3d 169, 173, (6th Cir. 2011). For a debt collector's communication to be actionable under the FDCPA, it need not itself be a collection attempt, but connected to one. *Id.* Fabrizio cites *Grden* for the proposition that communications that do not demand payment do not violate the FDCPA because they are not made in connection with a debt collection. However, this is an inaccurate statement of *Grden*; it holds that "for a communication to be in connection with the collection of a debt, an animating purpose of the communication must be to induce payment by the debtor." *Id.* A communication that aims to make collection attempts more likely to succeed has the requisite connection. *Id.*

The Sixth Circuit has made clear that mortgage foreclosure is debt collection under the FDCPA. *Glazer v. Chase Home Fin. LLC*, 704 F.3d 453, 464 (6th Cir. 2013). "In fact, *every* mortgage foreclosure, judicial or otherwise, is undertaken for the very purpose of obtaining payment on the underlying debt, either by persuasion … or compulsion (*i.e.*, obtaining a judgment of foreclosure, selling the home at auction, and applying the proceeds from the sale to pay down the outstanding debt)." *Id.* at 461 (emphasis in original). Contrary to Fabrizio's claim of what the purpose of the publication was, "there can be no serious doubt that the ultimate purpose of foreclosure is the payment of money." *Id.* at 463.

Fabrizio cites to Federal Trade Commission Staff Commentary, from 1988, which does not include in its definition of "communication," a notice required by law as a

prerequisite to enforcing a contractual relationship between a creditor and a debtor. However, this Staff Commentary is not binding on the Court, and because of its age, does not take into account more recent Sixth Circuit precedent. It is unpersuasive.

District courts within this Circuit have relied on *Glazer* to hold that a foreclosure notice pursuant to Michigan law is a communication in connection with debt collection. *See Gray v. Trott & Trott, P.C.*, 2016 U.S. Dist. LEXIS 189207, *2 (W.D. Mich. Nov. 10, 2016); *Salewske v. Trott & Trott P.C.*, 2017 U.S. Dist. LEXIS 104681, *20 (E.D. Mich. July 7, 2017); *Thebert*, 2017 U.S. Dist. LEXIS 132503 at *18 (holding that the defendant did not show that it was implausible that it violated Section 1692c(b) by posting and publishing a foreclosure notice). Most notably, in another case against Fabrizio involving nearly identical facts, another court in this district noted that there was "plenty about the foreclosure notice that would permit the conclusion that its animating purpose was to induce payment." *Thompke v. Fabrizio & Brook, P.C.*, 2017 U.S. Dist. LEXIS 128359, *26 (E.D. Mich. Aug. 14, 2017) (internal quotations omitted). As in *Thompke*, Fabrizio's foreclosure notice opens with "AS A DEBT COLLECTOR, WE ARE ATTEMPTING TO COLLECT A DEBT…" The notice also states that the mortgage "claimed to be due, at the date of this notice … the sum of $56.825.94." Further, the notice makes clear that the mortgage will be foreclosed by a public auction of the premises, "or so much thereof as may be necessary to pay the amount due."

The Court concludes that the foreclosure notice was a communication aimed to make payment on the defaulted mortgage more likely to succeed, and has the requisite connection to a debt collection attempt. *Grden*, 643 F.3d at 173. Fabrizio's argument fails.

E. Letters

In their Amended Complaint, the Walkers allege that attempted validation and foreclosure letters sent by Fabrizio were misleading because they were sent on Fabrizio's letterhead, but signed by Diane L. Derenge, a member of the Real Estate Default Team, and not an attorney. The Walkers say when they received the letters, they understood them – as would the least sophisticated consumer – to be from a law firm. Further, the Walkers claim the letters are computer generated, mass produced, and sent by Fabrizio as a part of foreclosure proceedings. They say this practice is misleading and confusing, and the letters are written without meaningful involvement of an attorney.

"A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. "The false representation or implication that any individual is an attorney or that any communication is from an attorney" violates this section of the FDCPA. 15 U.S.C. § 1692e(3). Courts view a debt collector's conduct through the eyes of the "least sophisticated consumer" to determine whether conduct fits within the FDCPA's broad scope. *Currier v. First Resolution Inv. Corp.*, 762 F.3d 529, 533 (6th Cir. 2014). This standard protects the gullible and the shrewd, "while simultaneously presuming a basic level of reasonableness and understanding on the part of the debtor, thus preventing liability for bizarre or idiosyncratic interpretations of debt collection notices" *Id.*

Fabrizio says the Walkers do not establish the letters were misleading, and says their claims should be dismissed. Fabrizio also contends that a reasonable unsophisticated consumer would deduce the letters were not sent by an attorney

because Diane L. Derenge, who signed them, was not listed among the attorneys whose names are printed at the top of the letterhead.

Whether a letter is misleading raises a question of fact that should be determined by a jury. *Buchanan v. Northland Group*, 776 F.3d 393, 397 (6th Cir. 2015). At the motion to dismiss stage, the Court's only concern is whether the Walkers allege sufficient facts to state a claim. If their allegations are true, Fabrizio could be liable for an FDCPA violation, and a violation of Michigan law. *See also* Mich. Comp. Laws § 445.252(a) (prohibiting the use of "the stationery of an attorney or credit bureau unless the regulated person is an attorney"). The Walkers sufficiently state a claim.

### F. *Wood v. Midland Funding, LLC*

Fabrizio filed a Notice of Supplemental Authority in support of its motion to dismiss. Fabrizio asks the Court to consider *Wood v. Midland Funding, LLC*, where the Sixth Circuit affirmed a district court's dismissal of a case because the defendant debt collectors "did not make false or misleading statements or engage in harassing conduct actionable under the FDCPA" when they published notices of foreclosure action against the plaintiff. *Wood*, 2017 U.S. App. LEXIS 11469 at *2.

*Wood* is distinguishable. In *Wood*, the defendants initiated legal proceedings against the plaintiffs to collect a debt. *Id.* at *3. The state court allowed the defendants to publish notices of actions as an alternative means of service. *Id.* The defendants used local newspapers to publish the notices, identifying plaintiffs as debtors, "revealing [p]laintiffs' names and addresses as well as the dollar amounts owed, original creditors, [] current debt holders," and they published that the plaintiffs were being sued in state

court. *Id.* at *4. The plaintiffs sued in federal court, alleging, *inter alia*, that the newspaper publications of the debt were a form of harassment, in violation of the FDCPA. *Id.* The Sixth Circuit held that compliance with a state court order is not, by itself, cognizable as harassing or abusive conduct under the FDCPA. *Id.* at *13. "Defendants used the court system to secure a means for facilitating the collection of defaulted debt, general conduct for which we have hesitated before extending liability." *Id.* at *14.

Fabrizio did not publish the foreclosure notice pursuant to a court order. Although state law allows for such publication, the Walkers allege that the private information published went beyond the requirements of state law. Further, there was considerable correspondence between the Walkers and Fabrizio before the publication of foreclosure notices. Neither party claims that the Walkers were not on notice of the foreclosure proceedings against them. Thus, unlike in *Wood*, there is no reason to think that the publication of the Walkers' private information was more beneficial than harassing.

The Court finds that the Walkers state a claim for relief.

IV.     Conclusion

This motion is designed to test the sufficiency of the Walkers' Amended Complaint. The Court reviewed their allegations in a light most favorable to them. Doing this, and drawing all reasonable inferences in their favor, the Court finds that the Walkers allege enough facts to support their claims under the FDCPA and the RCPA; they survive Fabrizio's motion to dismiss.

The motion is DENIED.

**IT IS ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: November 2, 2017